UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Stephen G. Burke,
      Petitioner

   v.                                    Case No. 17-cv-328-SM
                                         Opinion No. 2018 DNH 155
United States of America,
      Respondent

**O R D E R**

Petitioner, Stephen Burke, seeks relief under the provisions of 28 U.S.C. § 2255. He argues that the decision in Johnson v. United States, 135 S. Ct. 2551 (2015), made retroactive in Welch v. United States, 136 S. Ct. 1257 (2016), invalidates the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and, that his prior assault with intent to murder conviction cannot serve as an ACCA predicate.

The Government counters that Burke does not qualify for relief on his ACCA claim, and further suggests that the claim need not be resolved in this case, given the "concurrent sentence doctrine" (Burke is also serving an unchallenged concurrent life sentence for carjacking). For the reasons discussed below, Petitioners motion is denied.

**Analysis**

1. The Concurrent Sentence Doctrine

Burke was convicted in 1997 of numerous crimes including: carjacking, robbery, conspiracy to commit robbery, felon in possession of a firearm, and use of a firearm during a crime of violence. He was sentenced to life in prison. The Government correctly points out that, even granting petitioner the relief he seeks, neither his term, nor the conditions of his imprisonment, will change: he will remain in prison, serving a life sentence. Accordingly, the government takes the view that the concurrent sentence doctrine counsels against resolving the limited claims raised in Burke's petition.

The concurrent sentence rule provides that a sentencing error is harmless if a defendant will not spend less time in prison even if that error were corrected, because he is serving a concurrent sentence of the same or greater length for another conviction which was not challenged. While the rule remains viable in this circuit, our Court of Appeals is "aware of the disfavor that the Supreme Court cast upon the concurrent sentence rule in Benton v. Maryland, 395 U.S. 784 (1969)." Vanetzian v. Hall, 562 F.2d 88, 90 (1st Cir. 1977). The Supreme Court has acknowledged that the concurrent sentence rule may have "some continuing validity as a rule of judicial

2

convenience" but, that equal concurrent sentences do not present a jurisdictional bar to review. Benton, 395 U.S. at 791, 793. The Court noted that in a situation where a future successful challenge to one sentence would require review of the sentence presently challenged, it is "certainly preferable" to conduct the review now, rather than later. Id. at 793. In this case, while a future successful challenge to Burke's carjacking sentence is unlikely, still, it seems preferable to resolve his pending claim made now, rather than invoke the convenience of the concurrent sentence rule.

2. Challenge to Sentence under 18 U.S.C. § 924(e) (ACCA)

Burke first challenges his sentence for being a Felon in Possession of a Firearm, imposed pursuant to the ACCA, 18 U.S.C. § 924(e)(2)(B). That statute prescribes a minimum sentence of fifteen years and a maximum sentence of life in prison for a defendant with three prior "violent felony" convictions. At the time of Burke's sentencing, a prior conviction qualified as a predicate "violent felony" if it was for "burglary, arson, or extortion, [or] involve[d] use of explosives" (referred to as the "enumerated crimes clause"); "has as an element the use, attempted use, or threatened use of physical force against the person or property of another", (referred to as the "elements

clause"); or if the crime "otherwise involves conduct that presents a serious potential risk of physical injury to another" (referred to as the "residual clause"). 18 U.S.C. § 924(e)(2)(B)(i)-(ii). In Johnson v. United States, the Supreme Court struck down the residual clause of § 924(e)(2)(B) as unconstitutionally vague. 135 S. Ct. at 2563. Therefore, if any of Burke's three prior "violent crime" convictions can satisfy the residual clause, but not the elements, or the enumerated crimes, clause of § 924(e), then his current sentence is necessarily invalid, and Burke is entitled to relief.

At sentencing, the court adopted the presentence report (PSR) and determined that Burke was an armed career criminal, based on two federal bank robbery convictions and one Massachusetts conviction for Assault with Intent to Murder. Burke argues that a Massachusetts Conviction for Assault with Intent to Murder does not qualify as a "violent felony" under the elements clause of the ACCA, because that statute could support a conviction based on mere offensive touching. He cites Massachusetts v. Smith, holding that the physical act of biting a corrections officer, coupled with defendant's knowledge that he was HIV positive, was sufficient to support a conviction for assault with intent to murder. Massachusetts v. Smith, 58 Mass. App. Ct. 381, 386 (2003).

4

This argument is foreclosed, however, by the First Circuit's opinion in United States v. Edwards, 857 F.3d 420, 427 (1st Cir. 2017). In that case, the court of appeals held that a Massachusetts armed assault with intent to murder conviction does qualify as an ACCA predicate. Id. The court reasoned that while the assault element of that statute could be satisfied by mere offensive touching, "the intent-to-murder element makes it implausible that a defendant could be convicted under this statute based on an offensive-touching approach." Id. at 425. The court also rejected defendant's claims that poisoning could constitute "intent to murder" without the use of physical force required by the ACCA. Id. at 426. As the Supreme Court has explained, poisoning involves the use of force because "it is the act of employing poison knowingly as a device to cause physical harm." Id. (quoting United States v. Castleman, 134 S. Ct. 1405, 1415 (2014)). Burke's example, involving a bite by an HIV positive person, is but an extension of the poisoning example rejected in Edwards.

While Burke's conviction for assault with intent to murder does not include an "armed" element, the Edwards court's conclusion that the intent-to-murder element requires the use, attempted use, or threat of "force capable of causing physical pain or injury to another person," applies equally here. See Id. at 427 (quoting Johnson v. United States, 559 U.S. 133, 140

5

(2010). Accordingly, Burke's Massachusetts assault with intent to murder conviction does qualify as a "violent felony" under the elements clause of the ACCA.

Burke implicitly acknowledges that his prior bank robbery convictions qualify as violent felonies under the ACCA. Accordingly, Burke had three prior violent felony convictions, under the elements or enumerated crimes clauses of the ACCA, and he is not entitled to sentence relief under Johnson.

## Conclusion

For the forgoing reasons, Burke is not entitled to relief from his sentences imposed based in part on the Armed Career Criminal Act, 18 U.S.C. § 924(e). Burke's petition (document no. 17) to vacate and correct his sentence is DENIED.

The court declines to issue a certificate of appealability, but petitioner may seek a certificate from the Court of Appeals under Federal Rule of Appellate Procedure 22. See Rule 11, Federal Rules Governing Section 2255 Proceedings.

**SO ORDERED.**

／s／ Steven J. McAuliffe
Steven J. McAuliffe
United States District Judge

July 31, 2018

cc: Matthew G. Stachowske, Esq.
    Seth R. Aframe, AUSA